No. 3900

Second Circuit

GLOVER ET AL. v. SOUTHERN TRANS-PORTATION CO., INC.

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

Robert L. Garrett, of Shreveport, attorney for plaintiffs, appellees.

Jackson & Smith, of Shreveport, attorneys for defendant, appellant.

DREW, J. This suit arose out of a collision between an automobile belonging to plaintiff and a truck of the defendant on the Greenwood Road in the parish of Caddo, on October 19, 1929. The accident happened about seven p. m. Both vehicles had lights on. The truck was traveling toward Greenwood and the automobile was coming toward Shreveport. The accident occurred approximately in front of the Parish Farm. At that point there is a bridge or culvert eighteen feet wide and for some distance on each side of the bridge the road is enclosed with banisters. At the time of the collision the truck, going west, had crossed the bridge but the rear wheels of the trailer were still on the bridge. The point of the collision was about six to eight feet west of the bridge.

It is apparent from the record that the left front hub cap of the truck came in

contact with the left front hub cap of the automobile. There is also some evidence that the automobile also came in contact with the left rear wheel of the truck. After the accident the automobile skidded or whirled around a distance of about 65 feet, struck a wooden post 4 inches in diameter and knocked it over, struck and broke or tore loose a railing on the side of the road, (the railing being made of street car rails). The automobile was completely demolished. The plaintiffs are demanding judgment in this suit against the defendant for the value of the automobile. The plaintiff Martha Glover was not in the accident and her husband and co-plaintiff, Bert Glover, was not injured. The allegations of negligence made by the plaintiff are that the truck was travelling at an excessive rate of speed and on the wrong side of the road. The defense is that the accident was caused by the negligence of plaintiff in travelling at an excessive rate of speed and on the wrong side of the road, and in the alternative pleaded contributory negligence for the same reasons.

It is admitted that the truck involved in this suit was owned by the defendant at the time of the alleged accident and that the driver of said truck was employed by the defendant at the time of the collision and was driving the truck as an employee or agent of the defendant in the course of the driver's employment by defendant. The truck of defendant was a six-wheel semi-trailer truck with a box car body and pneumatic tires and was loaded with eight to ten thousand pounds of freight. Plaintiff's car was a five-passenger Studebaker sedan in which there were riding at the time six people, three on the front seat and three on the back seat. The evidence is convincing that plaintiff's car was being driven at the rate of about 15 miles per hour at the time of the accident and the defendant's truck at the rate of about 22 miles per hour, which was as fast as it could run. Plaintiff and the other occupants of the car all testified to the speed of plaintiff's car being from 10 to 15 miles per hour and there is no direct, positive evidence to contradict this fact. The only other eyewitness, the truck driver, did not testify to the speed of plaintiff's car. Plaintiff and all the other occupants of his car testify that at the time of the accident plaintiff was on the extreme right of the road and coming toward Shreveport. The record does not disclose any contradiction of this testimony other than the attempt made to show that under certain circumstances brought about by the claim agent of defendant that plaintiff himself made a different statement. The truck driver contends that he did not know that his truck had hit the plaintiff's car until he was arrested in Waskom, Texas, and that at the time he did not see the car of plaintiff for the reason that he was watching the right side of the road going toward Waskom. He testified that three days later he visited the scene of the accident and could tell from the burnt rubber marks on the pavement the position of plaintiff's car at the time of the accident, and marked same on a plat that was used in the lower court and filed in evidence. However, this plat is not in the record and we have not the benefit of it. He does not say which side of the road the plaintiff was on other than by describing plaintiff's car wheels as "here and here." Without the plat his testimony is worthless to us. The same applies to the testimony of the claim agent who visited the place of the accident a day or two afterwards. Therefore, from the testimony before us the lo-

cation of plaintiff's car at the time of the accident is shown without contradiction to have been on the extreme right of the road.

Plaintiff and other occupants of the car testify that the defendant's truck was in the center of the road extending over the left portion far enough to prevent plaintiff from passing. This is only contradicted by the truck driver, who, according to his testimony, did not know an accident had happened. He either knew a great deal more than he was willing to tell or he did not know anything about the accident or the position of the cars at the time.

The speed of the truck was not excessive under the laws of this state. It was being driven, however, at the maximum speed allowed by law (section 8, title 2, Act No. 296 of 1928). The negligence found by us that caused the accident was that the truck was being driven on the wrong side of the road and not on the extreme right, as required by section 11, title 2, Act No. 296 of 1928, and this negligence was the sole proximate cause of the accident and the resultant injury and damage to plaintiff's car.

It is argued by defendant that the course and distance covered by plaintiff's car after the accident shows that plaintiff was traveling at an excessive rate of speed. We do not think so. While it is difficult to account for the antics of a car after a collision sometimes, it is not so in this case. The left front hub cap of the truck struck the left front hub cap of plaintiff's car, necessarily throwing it around somewhat to the left and causing it to travel towards the left of the road. It is not shown that the brakes were put on by plaintiff, or that he stepped on the gas. We doubt if he knows, himself, what happened just after the accident, due to his excitement. The

course the car took is the natural course under the circumstances, and the force with which it struck the mail box post and the iron railing on the roadside does not of itself show excessive speed as against the positive evidence to the contrary. Regardless of the antics of the car after the accident, we think the preponderance of the evidence shows that plaintiff was not traveling at an excessive rate of speed and was on the right side of the road when defendant's truck ran into it.

The case presents purely a question of fact, and the trial judge had the opportunity to see and hear the witnesses, and was, therefore, better qualified to pass on the veracity of the witnesses than we are. He undoubtedly believed the witnesses for plaintiff, and we cannot say his judgment is erroneous. To decide otherwise we would have to find that plaintiff and his witnesses were untruthful, which we cannot do in this case.

Plaintiff's car was totally demolished. It cost, when he bought it in August before the accident in October, $323. The uncontradicted testimony is that the car was actually worth, at the time of the accident, from $400 to $475, and there was a charge of $15 made and paid by plaintiff to have the wreck hauled in. If there was any testimony to contradict the value placed on the car by plaintiff and his witnesses, we would be inclined to limit this award to the purchase price; however, there is none, and the lower court found for plaintiff in the sum of $400 for the damage to the car and $15 cost of removing the wreck, and his judgment is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.